CASE 18—PETITION ORDINARY—JANUARY 28.

# Bank of Louisville vs. Barrick, &c.

**APPEAL FROM BARREN CIRCUIT COURT.**

1. No lien on the property of a defendant constructively summoned can be created otherwise than by attachment or by judgment. (*Code, sec.* 449.)

2. An equitable interest in real estate owned by a non-resident, is subject to levy and sale under a general attachment.

3. Section 233 of the Code was intended to apply to two classes of property—1. Such as is liable to seizure under execution; 2. Any *other* property or demand of the defendant.

4. In the chapter regulating attachments, the word *property* is used in its most comprehensive sense, and embraces everything of value belonging to the defendant, which, by any mode of proceeding, might be subjected to his debts. (*Code, secs.* 221, 228, 476, 858.)

W. SAMPSON, for appellant, cited *Civil Code, secs.* 259 *et seq.*, 264, 273, 221, 858, 474 *to* 478, 477, 449, 225, 228, 233, 13, 255, 424.

T. N. LINDSEY, for appellee, cited *Civ. Code, sec.* 233.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

The Bank of Louisville sued Barrick and others on a bill of exchange for $2,500, and, on an affidavit alleging that Barrick was a non-resident, an order of attachment was issued, which came to the hands of the sheriff April 29th, 1862, and on the 10th May following was levied, among other things, on a house and lot of ground lying near Glasgow, as the property of Barrick.

Subsequently to the levy of this attachment, Duff filed his petition in equity, setting up a note on which Barrick was bound as surety, alleging that Barrick was a non-resident, and was the owner of a lot of land near Glasgow containing about ten acres, the legal title to which was in M. H. Maupin, who was made a defendant to the action; but no summons was ever served upon him, so far as the record shows. With this petition was filed the affidavit of the plaintiff, alleging that the claim was just, &c., and that Barrick was a non-resident. An order of attachment issued and was levied upon the land

described in the petition, being the same property on which the former attachment was levied.

In September following, the Bank of Louisville amended its petition, alleging that Maupin was the holder of the legal title to the land which had been levied on, but that the purchase money had been fully paid, and that Maupin therefore had no lien upon the land. He was made a party to the suit, and afterwards answered, admitting that he held the legal title as alleged, and that Barrick had fully paid the purchase money for the land.

Upon the question of priority of lien between these parties the court below was of opinion, and, in effect, decided, that Barrick's equitable title to the land not being subject to levy under an execution, was not liable to be levied on by an attachment ; that Duff's attachment was subject to the same difficulty ; but as his petition set forth the equitable interest of Barrick, and made the holder of the legal title a party, he was in a condition to have a judgment to subject the land to the payment of his debt, and had priority over the bank because he had first made the title-holder a party. A sale of the land was ordered, and the proceeds applied to the payment, first of the debt of Duff, and the residue, if any, to the bank. To reverse that judgment the bank prosecutes this appeal.

If, as assumed by the court below, and insisted by counsel for the appellee, an equitable interest in land is not subject at all to a levy and sale under an attachment, it is quite clear that the appellee acquired no lien by virtue, either of his action or of his attachment, until the rendition of the judgment subjecting the land to sale. For, by section 449 of the Civil Code, no lien on the property of a defendant constructively summoned shall be created otherwise than by an attachment as provided in chapter 3 of title 8, or by judgment. The institution of his equitable action against both the equitable owner and the holder of the legal title, even if the latter had appeared or been served with process, was no more effectual to create, before judgment, a lien on the property sought to be subjected, than was the institution of the ordinary action by the appellant. The lien, if any existed in favor of either party, was

created by the attachment. This being so, it is obvious that as the appellant had made Maupin a party, and the latter had appeared and answered as already stated, the appellant was in as good a condition when the cause was submitted for final hearing to have a judgment subjecting the land to the payment of his debt as the appellee was, with the advantage of a prior attachment. And if the appellant acquired no lien on the land under the attachment, it is difficult to perceive the principle on which the court below awarded the residue of the proceeds of the sale, after the payment of Duff's debt, to the appellant.

But the proposition that an equitable interest in real estate owned by a non-resident is not subject to levy and sale under a general attachment, is not maintainable. The provision of the Code mainly relied on by counsel for the appellee is as follows : " An order of attachment binds the defendant's property in the county which might be seized under an execution against him, from the time of the delivery of the order to the sheriff, in the same manner that an execution would bind it ; and the lien of the plaintiff is completed upon *any* property or demand of the defendant, by executing the order upon it in the manner directed in this article." (*Sec.* 233.) Now, it is clear that this section was intended to apply to two classes of property : *First*, such property as might be seized under execution ; and, *second*, any other property or demand of the defendant which is not liable to seizure under execution. The attachment binds the first class in the same manner that an execution would bind it ; the lien of the plaintiff upon the second class is completed by executing the order upon it. It would be singular that the framers of the Code should have provided for a lien upon a *demand* of the defendant, and should have made no provision for a lien on an equitable interest in land, or on any other property not subject to execution. In the entire chapter regulating attachments, it is evident that the word *property* is used in its most comprehensive sense, and is intended to embrace everything of value belonging to the defendant which by any mode of proceeding might be subjected to the payment of his debts. The plaintiff may have an at-

tachment against the *property* of the defendant. (*Sec.* 221.) Subsequent sections—especially sec. 228—show that the word is intended to comprehend—1. Real property; 2. Personal property, capable of manual delivery. 3. Other personal property, including debts, demands, stock in a corporation, &c., &c. The words "real property" mean lands, tenements, and hereditaments (*sec.* 858); and can it be doubted that the holder of an equitable title to lands for which the purchase money has been fully paid, is the owner of land within the meaning of the law, and as such, liable to the summary proceeding by attachment?

But furthermore, by section 474, the plaintiff in an execution returned, no property found, may institute an action for the discovery of any money, chose in action, *equitable* or legal interest, and all *other* property to which the defendant is entitled. And in such action the plaintiff may have an attachment against the property of the defendant similar to the general attachment provided for in chapter 3 of title 8. (*Sec.* 476.) These provisions demonstrate that *equitable* interests must be regarded as property, and that they are subject to levy under a general attachment. There is no escaping this conclusion.

The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with the principles of this opinion.